# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6854 | **DATE** | 11/4/2010 |
| **CASE TITLE** | Edward Loggins vs. John H Potter | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed in forma pauperis [4] is denied. Plaintiff is given until December 3, 2010 to file the below-referenced motion and the memorandum or pay the filing fee. Plaintiff is warned that failure to file the below-referenced motion and memorandum by December 3, 2010, or failure to pay the filing fee by December 3, 2010 will result in the dismissal of the instant action. Plaintiff's motion for appointment of counsel [5] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Edward Loggins' (Loggins) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Loggins has not provided sufficient information concerning his financial status. For example, Loggins has failed to list his monthly wages from his prior employment, providing instead only an hourly earnings figure. (IFP Par. 2). In addition, Loggins indicates on his *in forma pauperis* application form that he receives only $200 per month in welfare. (IFP Par. 4(f)). Loggins has not shown how he acquires the necessities of life with an income of only $200 per month. Therefore, we deny Loggins' motion for leave to proceed *in forma pauperis*. However, we will give Loggins an opportunity to provide sufficiently detailed information concerning his financial status. If Loggins wishes to proceed with this action, Loggins should file a new *in forma pauperis* application together with a memorandum in the form of an affidavit indicating all income that Loggins or anyone residing in his household receives, the sources of such income, all valuable assets owned by Loggins or members of his household, and all expenses for Loggins and members of his household, including supporting documents. Loggins is given until December 3, 2010 to file the above-referenced motion and the memorandum or pay the filing fee. Loggins is warned that failure to file the above-referenced motion and memorandum by December

3, 2010, or failure to pay the filing fee by December 3, 2010 will result in the dismissal of the instant action.

Loggins also seeks an appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

This case does not appear overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Loggins' ability to coherently present his case as a

## STATEMENT

layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Loggins is competent to present his case without the assistance of appointed counsel.

Therefore, we find that an appointment of counsel is not warranted at this juncture and we deny the motion for appointment of counsel.