# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6854 | **DATE** | 2/16/2011 |
| **CASE TITLE** | Edward Loggins vs. John H. Potter | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's second motion for leave to proceed *in forma pauperis* and his motion to reinstate the instant action [8] is denied. .

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Edward Loggins' (Loggins) second motion for leave to proceed *in forma pauperis* and motion to reinstate. On November 4, 2010, we denied Loggins' first motion for leave to proceed *in forma pauperis*, since Loggins had failed to provide the court with sufficient information concerning his financial status (November 2010 Order). We gave Loggins until December 3, 2010 to either pay the filing fee or to file a new *in forma pauperis* application. In view of Loggins' representation that he received very limited income, we indicated that with the new *in forma pauperis* application form, Loggins should file a memorandum in the form of an affidavit indicating all income that Loggins or anyone residing in his household receives, the sources of such income, all valuable assets owned by Loggins or members of his household, and all expenses for Loggins and members of his household, including supporting documents. We also warned Loggins that failure to pay the filing fee or file the above-referenced motion and memorandum by December 3, 2010 would result in the dismissal of the instant action. On December 15, 2010, we dismissed the instant action since Loggins failed to pay the filing fee or file the above-referenced motion and memorandum by December 3, 2010.

On December 28, 2010, Loggins filed the instant motion for leave to proceed *in forma pauperis* along

| STATEMENT |
|---|

with a letter to the court, indicating that he did not receive notice of the November 2010 Order until after the instant action had been dismissed. In his letter, Loggins requests that the court reinstate his case and grant him leave to proceed *in forma pauperis*. Since Loggins is proceeding *pro se*, we have liberally construed Loggins' second motion for leave to proceed *in forma pauperis*.

Loggins has again failed to provide sufficient information concerning his financial status. In the November 2010 Order, we indicated that, with any new *in forma pauperis* application form, Loggins must file a memorandum in the form of an affidavit indicating all income that he or anyone residing in his household receives, the sources of such income, all valuable assets owned by him or members of his household, and all expenses for him and members of his household, including supporting documents. Loggins has failed to provide such a memorandum in support of his second motion for leave to proceed *in forma pauperis.* Instead, Loggins has included an affidavit that merely indicates that Loggins currently lives with someone at a particular address. Further, not only has Loggins failed to provide sufficient financial information in the form of an affidavit, Loggins has indicated that, aside from $200 Loggins receives in welfare, neither he nor anyone else living at the same residence has received more than $200 from any source in the past twelve months. Thus, it is not clear how Loggins or the person with whom he resides acquire the necessities of life. Based on the above, Loggins has not provided sufficient financial information and has not properly completed his *in forma pauperis* application form. Therefore, we deny Loggins' second motion for leave to proceed *in forma pauperis* and his motion to reinstate the instant action.